IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 19-40269

United States Court of Appeals
Fifth Circuit
**FILED**
June 5, 2020
Lyle W. Cayce
Clerk

United States Courts
Southern District of Texas
FILED
*August 11, 2020*
David J. Bradley, Clerk of Court

In the Matter of: THELMA G. MCCOY

Debtor

THELMA G. MCCOY,

Appellant

v.

UNITED STATES OF AMERICA,

Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:18-CV-21

Before BARKSDALE, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Thelma McCoy incurred a large amount of student loan debt (currently totaling over $345,000) in pursuit of advanced degrees, beginning when she was in her forties. She consolidated her loans and entered into an income-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40269

based repayment plan. When her degrees did not yield the well-paying jobs she hoped for, she filed for bankruptcy seeking relief from the consolidated student loan debt. At the time of her bankruptcy filing, and throughout this litigation, her repayment plan has required zero dollars per month due to her low income. If her income does not improve, McCoy will continue to have a zero-dollar repayment obligation. Under the structure of the repayment plan, her debt may be forgiven twenty-five years following her first payment under the plan. *See* 34 C.F.R. § 685.221(f)(1), (f)(3)(ii)(D) (2013). However, under current law, such forgiveness has tax implications unless McCoy were to qualify for an employment-based exception; any forgiven amount will be subject to whatever taxation laws are in effect at the time the debt is forgiven. 26 U.S.C. §§ 61(a)(11), 108(f)(1).

Student loan debt is usually not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(8). However, there is an exception, which McCoy asserted, for circumstances where failure to discharge would impose an "undue hardship" on the debtor. *Id.* The bankruptcy court found no undue hardship, and the district court affirmed.[1] This timely appeal followed.[2]

**Requirements for Student Loan Discharge.** Although the bankruptcy code provides for student loan debt discharge for undue hardship, it does not define this term. *See id.* In the absence of a statutory definition,

---

[1] The bankruptcy court had jurisdiction over this case under 28 U.S.C. § 1334, the district court had jurisdiction over the initial appeal under 28 U.S.C. § 158(a)(1), and our court has jurisdiction over McCoy's instant appeal under 28 U.S.C. § 158(d)(1).

[2] We "apply[] the same standards of review to the bankruptcy court's finding[s] of fact and conclusions of law as applied by the district court"; "[c]onsequently, the bankruptcy court's findings of fact are reviewed for clear error and conclusions of law are reviewed de novo." *In re Thomas*, 931 F.3d 449, 451–52 (5th Cir. 2019) (internal quotation marks and citations omitted). Thus, we review de novo any legal questions underlying whether the loans pose an undue hardship. *Id.* at 452.

No. 19-40269

we have adopted a three-part test originally used by the Second Circuit. *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003) (adopting test from *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987) (per curiam)).

. To prove that a debt imposes an "undue hardship," a debtor must show:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396.

Now 62 years old, McCoy describes the problems she has faced due to health issues and difficulty finding a job. Arguing for affirmance, the Government appears not to contest the basic premise that McCoy cannot afford to make higher payments on her loan at the present time. The impact of a zero-dollar monthly payment under an income-based repayment plan on the first prong of *Brunner* has not been decisively determined by our court previously,[3] and we conclude that we need not address it because McCoy has failed to establish that the bankruptcy court (as affirmed by the district court) erred in its findings on the second prong.

***Brunner* Second Prong.** Under our precedent, "[a]dditional circumstances encompass circumstances that impacted on the debtor's future earning potential but which were either not present when the debtor applied for the loans or have since been exacerbated." *Gerhardt*, 348 F.3d at 92

---

[3] McCoy argues that the undue hardship comes from the tax liability she will face some twenty plus years from now. That argument is highly speculative and fails to account for the fact that tax laws can and do change and that, if she did not survive until the end of the twenty-five-year repayment period, the loan would be discharged without any further liability to her estate. *See* 34 C.F.R. § 682.402(b)(1).

3

No. 19-40269

(cleaned up) (citation omitted). To meet the second prong's "demanding requirement," a "debtor must specifically prove a total incapacity in the future to pay [her] debts for reasons not within [her] control." *Id.* (internal alterations, quotation marks, and citations omitted). These circumstances "may include illness, disability, a lack of useable job skills, or the existence of a large number of dependents." *In re Oyler*, 397 F.3d 382, 386 (6th Cir. 2005). We recently applied this standard to a debtor with a degenerative medical condition who had quit jobs where the employers "were unable to accommodate her need to remain sedentary for periods of time during her shifts" and determined that she could not meet the second prong because she was "capable of employment in sedentary work environments." *Thomas*, 931 F.3d at 452.

Here, McCoy argues that "at least two major additional circumstances" demonstrate that the state of affairs is likely to persist: "(1) she is elderly—at 62 she is less than three years away from the minimum retirement age; and (2) she suffers from severe mental and physical disabilities, which are not likely to recede or resolve."

The bankruptcy court determined that McCoy could not satisfy the second prong because, although her payments are set at zero dollars per month, she had not shown additional circumstances demonstrating her inability to pay a higher monthly amount would persist. Therefore, McCoy failed to meet her burden of proof.

In affirming the bankruptcy court's determination that McCoy failed to satisfy the second prong, the district court noted that bankruptcy courts have considered the timing of additional circumstances. *See, e.g., In re Thoms*, 257 B.R. 144, 149 (Bankr. S.D.N.Y. 2001) (stating that a pertinent additional circumstance would be one "which was either not present when the debtor applied for the loans or has since been exacerbated" because "[o]therwise, the debtor could have calculated that factor into its cost-benefit analysis at the

4

No. 19-40269

time the debtor obtained the loan"). Because critical health issues (a car accident and a facial burning incident) occurred before McCoy took out the bulk of the loans and did not prevent her from obtaining her doctorate and various forms of employment, the district court determined that the bankruptcy court did not clearly err in its determination.

McCoy argues that the district court applied the wrong standard when it reviewed the bankruptcy court's decision for clear error rather than providing a de novo review. However, the question at issue—whether McCoy's evidence sufficiently demonstrated that additional circumstances show the state of affairs is likely to persist—rests upon factual determinations. *See In re Ostrom*, 283 F. App'x 283, 286 (5th Cir. 2008) (per curiam) (holding that the bankruptcy court did not clearly err when it found that a debtor did not fulfill the second prong because the debtor had not put any evidence, except for his own testimony, into the record demonstrating that his medical concerns would impact future earnings). Thus, we conclude that the district court applied the correct standard.

Reviewing the evidence provided, we conclude that the district court correctly determined that the bankruptcy court did not clearly err in its determination about the second prong of the *Brunner* undue hardship test. Accordingly, we need not reach the third prong.

AFFIRMED.